The opinion of the court was delivered by
Fenner, J.
These cases were argued and submitted together, and although not expressly consolidated, the view we take of them renders it proper to include them in one decision.
Dr. William Ball died in 1886, leaving a wife and six children. His estate was entirely community, and his children were his forced heirs. He left a will and appointed his wife and his son, Chas. W. Ball, as executors, who qualified and administered as such, and who filed a first provisional account in 1881, which was duly homologated.
The will contained a legacy in favor of the decedent’s brother, Immer W. Ball, which, however, the executor considered and treated as of none effect, and no claimjwas advanced in support thereof by the legatee during his lifetime. In the meanwhile the executors seem to have dealt with the estate as the property of the widow and children, and so administered and cultivated it, settling with creditors, and paying off all debts under compromises made with them.
In 1886 the heirs of Immer W. Ball for the first time appeared in court, asserting the legacy to their father and demanding that the executors should file a full account of their administration within a fixed delay, or in default thereof be condemned to pay to them the *206 amount of said legacy. The executors resisted on the sole ground that, under the terms of the will, the legacy was not due and payable. Judgment went against the executors in the lower court and was affirmed by this court. Ball et al. vs. Executors, 40 An. 284.
On the filing of our decree in the lower court the executors forthwith filed a provisional account, which was opposed, on various grounds, by the legatees, and the judgment on that opposition, from which all parties appeal, is the matter involved in the Record No. 10,547.
After that judgment and pending the suspensive appeal therefrom, the legatees obtained an order commanding the executors to file a final account, which was done.
In that account they make a statement of assets and expenses, and propose to turn over the property and funds to the widow and heirs of the decedent, and add that the legatees “ are not placed on the account for the reason that to pay the legacy in favor of Dr. Immer W. Ball, or any part thereof, would infringe on the legitime of the heirs of Wm. Ball.”
The legatees filed an opposition to this account, in which they objected to numerous items and also demanded that their legacy should be placed on the account and paid.
On the day fixed for the trial of this opposition the forced heirs of William Ball filed an intervention, in which they join the executors-in praying for the homologation of their account, and for a judgment reducing the legacy in favor of Immer W. Ball to the disposable portion, which they aver is nil, because at the death of Wm. Ball his succession was insolvent.
Citation was waived and service accepted by opponents of the petition of intervention.
From a bill of exceptions signed by the judge it appears that when the case was taken up the intervention was read as part of the pleadings without objection, that the evidence was taken and closed, and that it was only when the case was about to be submitted that counsel for opponents objected to the court’s considering the intervention, for the reason that it had not been put at issue. The judge sustained this objection and rendered judgment ignoring the intervention.
The judgment is the subject of the .second appeal, now under consideration, No. 10,548.
*207 We think the judge erred in declining to pass on the intervention under the circumstances of this case. The objection of opponents, however sound, if timely urged, came too late. A similar question has already been passed npon by this court in a decision from which we quote: “ On the trial of the cause, the plaintiff objected to the right of intervenor to have his intervention passed upon for want of an issue joined upon the same. We think this objection was ill taken. Art. 393 of the Code of Practice certainly contemplates an issue upon an intervention. * * * But plaintiff has chosen to go to trial without answering. His objection was only made after the evidence and argument were closed. There is no suggestion that he was ignorant, before going to trial, of the existence of this intervention in the record.” McCoy vs. Sanson, 13 An. 456.
In this intervention the forced heirs of William Ball have exercised the right guaranteed to them bylaw of protecting their legitime from infringement, by demanding the reduction, within the disposable quantum of their ancestor’s estate, of the legacies contained in his last will.
It is elementary that, in calculating the disposable quantum, reference is had exclusively to the conditions existing at the moment of the ancestor's death, to the value of the property at that time and to the debts then due by him. If the amount of the debts due at the death exceeds the value of the property found in his estate, there can be no disposable left for the satisfaction of legacies. No subsequent changes in the conditions, however operated, whether by increment in value of the property or by prescription or other ex-tinguishment of debts, can affect the" case.
All the commentators agree on this. See Baudry, La üantiniére, Mourlon and Marcadé on Arts. 920 ef sequentes of the French Code, corresponding to Arts. 1502 et seq. of our Code.
If the estate of William Ball was insolvent at the moment of his death, his forced heirs have the right to require a reduction of the legacy in favor of Immer W. Ball to its full extent, and the opponents would be left with no interest in or claim against the estate, and with no standing in court to meddle in its administration.
Our judgment in 40th An., sustaining the validity of their legacy under the terms of the will, has no bearing as res adjudicata upon the present issue of reduction, which concedes the validity of the *208 legacy, but denies its right to satisfaction out of the estate because «exceeding the disposable portion.
The right of reduction appertains exclusively to the forced heirs, •and the action therefor can be brought only by them or their heirs or assigns. It did not lie in the mouth of the executors, as such, to raise such questions. As to them the legacy was valid until attacked and reduced by the forced heirs. Even if we should consider the 'fact that one of the executors was himself a forced heir, as' supporting his claim of reduction urged in his executor’s account, it could only operate to the extent of his own interest.
Therefore the demand for reduction can only be considered under the intervention. We find evidence in the record going to sustain the demand of intervenors by showing the insolvency of Wm. Ball’s estate at the time of his death, but as the opponents offered no evidence on this issue, and as they, perhaps, relied on their objection to the intervention which was sustained by the judge a quo, we do not feel inclined to shut them off from the opportunity of adducing evi - dence on this point, if they have any.
We shall, therefore, remand the case for the purpose of a new trial upon the intervention.
It is apparent that this issue involves the whole rights of oppo - nents in both the appeals before us.
If the demand of the intervening forced heirs shall be sustained, the opponents pass out of the case.
The questions of law and fact involved in the accounts are intricate and difficult, resulting from the peculiar circumstances of the ease, inducing an irregularity of administration and giving rise to conflicting considerations of equity and law.
We deem it best to reverse both judgments and to remand the cases to be retried together upon all the issues,
It is therefore ordered and decreed that the judgments in both cases be avoided and reversed, and that they be remanded to the lower court for retrial, according to the views herein expressed.
Roché, J., concurs in the decree.